**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAVIER DE LA TORRE HERRERA,

Petitioner,

v. Case No. 3:26-cv-292-WWB-PDB

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). When he filed this case, Immigration and Customs Enforcement ("**ICE**") was detaining Petitioner at Baker County Detention Center. (*Id.*). ICE is now detaining Petitioner at California City Immigration Processing Center. (Doc. 12). In the Petition, Petitioner contends that an immigration judge entered a final order of removal on March 27, 2013. (Doc. 1-1 at 1). According to Petitioner, ICE detained him on December 29, 2025, and he remains in ICE custody. (Doc. 1 at 4). He contends that his prolonged detention has violated his due process rights seemingly under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 6). Petitioner has also filed a "Motion for Prompt Adjudication or in the Alternative Transfer to the Eastern District of California." (Doc. 14).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. 533 U.S. 678. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. *Id.* at 701. The Court also concluded that six months is a presumptively reasonable period to detain a

removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Here, Petitioner's current detention began on December 29, 2025. (Doc. 1 at 4). When Petitioner filed the Petition on February 5, 2026, he had been in ICE custody for 38 days (excluding the date on which the Petition was filed). While Petitioner's post-removal-order detention may have now passed the six-month time frame, the Eleventh Circuit has made clear that the "six-month period . . . must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (affirming "dismissal without prejudicing [the petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted"). Thus, the *Zadvydas* claim in this action was not yet ripe at the time of filing and must be dismissed as premature. Nevertheless, Petitioner is not prohibited from reasserting a *Zadvydas* claim by filing a new petition in the district where he is now confined—the Eastern District of California.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED without prejudice**.
2. Petitioner's Motion for Prompt Adjudication or Transfer (Doc. 14) is **DENIED as moot**.
3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 18, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Javier De La Torre Herrera, A094806725
Counsel of record